UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DUBOSE, | No. 2:14-cv-2346-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff William Dubose, proceeding without counsel, commenced this action on October 7, 2014, and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)[1] After a careful review of plaintiff's complaint, the court concludes that the case should be dismissed pursuant to the substantiality doctrine.

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

(quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, plaintiff's 96-page complaint (ECF No. 1), further supplemented by a 56-page memorandum (ECF No. 3) and an 8-page declaration (ECF No. 4), constitutes a rambling, and at times confusing, discussion of broad constitutional rights and principles, gender, human biology and reproduction, and religious beliefs. However, at bottom, plaintiff alleges that he engaged in condomless sex with two women, who subsequently became pregnant and gave birth to plaintiff's children. Although plaintiff consented to sexual activity with the women, he claims that he never consented to impregnation and reproduction. According to plaintiff, both women defrauded plaintiff, deprived him of his proprietary rights in his biologically material, and in effect committed a form of rape against plaintiff by exceeding the scope of consent given. Nevertheless, despite being purportedly victimized by these women, plaintiff claims that defendant State of California, by virtue of the California Department of Child Support Services and the state superior courts, compelled plaintiff to financially support the children and the women, thereby serving the State of California's own economic interests. Plaintiff contends that the State of California fails to properly distinguish between consent to sexual relations and consent to impregnation/reproduction, and that it unlawfully discriminates against men with respect to their privacy, religious, reproductive, equal protection and other rights, all in violation of the U.S. Constitution and other provisions of law. Plaintiff seeks damages in the millions of dollars, and various forms of declaratory and injunctive relief.

Because plaintiff's allegations and contentions are entirely frivolous, attenuated, and devoid of merit, the court finds plaintiff's claims to be so insubstantial as to not involve a federal controversy within the jurisdiction of this court, and recommends that the action be dismissed pursuant to the substantiality doctrine.

////

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied.
2. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.

In light of these recommendations, IT IS ALSO ORDERED that:

1. All scheduled dates in this action are vacated.
2. All pleading, motion practice, and discovery in this action are stayed pending resolution of the findings and recommendations by the district judge.  <u>Other than objections to the findings and recommendations or non-frivolous motions seeking emergency relief</u>, the court will not entertain further motions or amended pleadings until the findings and recommendations are resolved by the district judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 21, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE